UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GRETTA WRIGHT**<br>Federal Defender Services<br>of Eastern Tennessee, Inc.<br>800 South Gay Street, Suite 2400<br>Knoxville, Tennessee 37929,<br><br>    Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530,<br><br>**FEDERAL BUREAU OF PRISONS**<br>FOIA/Privacy Act Requests<br>320 First St., N.W.<br>Washington, D.C. 20534,<br><br>**U.S. DRUG ENFORCEMENT ADMINISTRATON**<br>FOI/PA Unit (SARF)<br>8701 Morrissette Drive<br>Springfield, Virginia 22152,<br><br>and<br><br>**U.S. MARSHALS SERVICE**<br>FOIA Officer<br>Office of General Counsel<br>CG-3 15th Floor<br>Washington, D.C. 20530-1000,<br><br>    Defendants. | Civil Action No. 1:20-cv-00653 |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1. This cause of action is brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to redress the deprivation of Plaintiff's rights under the Act caused by the failure of the Department of Justice (DOJ) and its agency components, the Federal Bureau of Prisons (BOP), U.S. Drug Enforcement Administration (DEA), and U.S. Marshals Service (USMS) to fulfill Plaintiff's request for records relating to the recommendation and adoption of a single-drug pentobarbital lethal injection protocol for federal executions, and the procurement of an Active Pharmaceutical Ingredient (API) manufacturer, distributer, and compounder of Nembutal, pentobarbital, or pentobarbital sodium for use in federal executions.

2. This case seeks declaratory relief that Defendants are in violation of the FOIA, 5 U.S.C. § 552(a)(3)(A), for failing to fulfill Plaintiff's request for records, and injunctive relief ordering the Defendants to immediately and fully comply with Plaintiff's request under the FOIA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question). Venue lies in this district under 5 U.S.C. § 552(a)(4)(B), which provide that the district court of the United States in the District of Columbia has jurisdiction to enjoin these federal agencies from withholding agency records and to order the production of any agency records improperly withheld from the Plaintiff.

## PARTIES

4. Plaintiff, Gretta Wright, is an adult citizen of the United States and resident of Knox County, Tennessee. Plaintiff Wright is employed as a paralegal for Federal Defender Services of Eastern Tennessee, Inc. (FDSET), 800 S. Gay Street, Suite 2400, Knoxville, Tennessee 37929.

5. Plaintiff is harmed by Defendants' failure to comply with the FOIA.

6. Defendant United States Department of Justice (DOJ) is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551, 552(f), 701, and 702, that has possession, custody, and/or control of the records that Plaintiff seeks and is responsible for fulfilling Plaintiff's FOIA request. Defendant's failure to produce records responsive to Plaintiff's request, or make any determination regarding Plaintiff's request, occurred within this district. The DOJ headquarters are located at 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

7. Defendant Federal Bureau of Prisons (BOP) is an agency within the meaning of 5 U.S.C. §§ 551, 552(f), 701, and 702, and is a component of DOJ. Defendant BOP has possession, custody and/or control of the records Plaintiff seeks. Defendant's failure to produce records responsive to Plaintiff's request, or make any determination regarding Plaintiff's request, occurred within this district. The BOP headquarters are located at 320 First St., Washington, D.C. 20534.

8. Defendant United States Drug Enforcement Administration (DEA) is an agency within the meaning of 5 U.S.C. §§ 551, 552(f), 701, and 702, and is a component of DOJ. Defendant DEA has possession, custody and/or control of the records Plaintiff seeks. Defendant's failure to produce records responsive to

Plaintiff's request, or make any determination regarding Plaintiff's request, occurred within this district. The DEA headquarters are located at 8701 Morrissette Drive, Springfield, VA 22152.

9. Defendant United States Marshals Service (USMS) is an agency within the meaning of 5 U.S.C. §§ 551, 552(f), 701, and 702, and is a component of DOJ. Defendant USMS has possession, custody and/or control of the records Plaintiff seeks. Defendant's failure to produce records responsive to Plaintiff's request, or make any determination regarding Plaintiff's request, occurred within this district. The USMS headquarters are located at CG-3 15th Floor, Washington, D.C. 20530-1000.

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF**

10. Plaintiff Wright is employed as a paralegal for Federal Defender Services of Eastern Tennessee, Inc. (FDSET), 800 S. Gay Street, Suite 2400, Knoxville, TN 37929.

11. FDSET represents Terry Lynn King, an indigent capital defendant, in his federal habeas corpus proceedings and in an action challenging Tennessee's three-drug midazolam lethal injection protocol.[1] In the latter action, real party in interest the State of Tennessee represents it cannot implement a lethal injection protocol that uses pentobarbital because no readily-available source for the drug exists.

---

[1] *King v. Carpenter*, No. 3:99-cv-454 (E.D. Tenn.); *King v. Mays*, No. 13-6387 (6th. Cir.); *King v. Parker, et al.*, No. 3:18-cv-1234 (M.D. Tenn.).

12. On July 25, 2019, in a DOJ press release Attorney General William Barr (AG Barr) directed BOP to adopt a single-drug lethal injection protocol using pentobarbital. (July 25, 2019 DOJ press release, Attachment 1[2]). That same day BOP filed a Notice of Adoption of Revised Protocol, attaching the revised Addendum to BOP Execution Protocol with an effective date of July 25, 2019, in the BOP's execution protocol litigation. (*See* D.E. 385, Notice of Adoption of Revised Protocol, and D.E. 385-1, revised Addendum to BOP Execution Protocol, *Roane, et al. v. Barr, et al.*, No. 1:05-cv-02337 (D.D.C. July 25, 2019), Attachment 2).

13. On December 2, 2019, BOP filed in the Supreme Court an Application for Stay or Vacatur of Injunction Issued by the United States District Court for the District of Columbia (Application for Stay or Vacatur) regarding the injunction entered by U.S. District Court in the *Roane, et al. v. Barr, et al.,* BOP execution protocol litigation. In the Application for Stay or Vacatur regarding the availability and procurement of pentobarbital for use in federal executions, BOP represented to the Court:

> [I]t had located a domestic manufacturer and a domestic compounding pharmacy to produce the drug, that it had conferred with the Drug Enforcement Administration to ensure those entities were properly registered, and that both the active pharmaceutical ingredient and the injectable solution had passed quality-assurance testing. BOP also consulted two medical experts, both of whom "concluded that the protocol would produce a humane death," and with the USMS, which "concurred" with the modified protocol and maintains a supervisory role in executions.

---

[2] The July 25, 2019 DOJ press release may also be accessed at https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse. (last accessed Mar. 4, 2020).

  After reviewing BOP's recommendation, the Attorney General in July 2019 directed BOP to adopt the single-drug pentobarbital protocol it had proposed.

See Application for Stay or Vacatur, pp.12-13, *Barr, et al. v. Roane, et al.*, No. 19A615 (Dec. 2, 2019) (citations omitted). (Excerpt of Application for Stay or Vacatur, Attachment 3).

PLAINTIFF'S FOIA REQUEST TO
U.S. DEPARTMENT OF JUSTICE OFFICE OF INFORMATION POLICY

  14. On January 7, 2020, Plaintiff Wright, in her capacity as a paralegal at FDSET providing legal support to the Assistant Federal Community Defenders representing Terry Lynn King, submitted a request for records under the Freedom of Information Act, 5 U.S.C. § 552 to DOJ's Office of Information Policy (OIP) via FOIAonline.gov. (FDSET FOIA Request to DOJ OIP, Attachment 4).

  15. DOJ OIP acknowledged receipt of Plaintiff's records request on February 5, 2020, and assigned it Tracking Number DOJ-2020-001678. In DOJ OIP's correspondence acknowledging the request it stated:

> The records you seek require a search in and/or consultation with another Office, and so your request falls within "unusual circumstances." *See* 5 U.S.C. § 552(a)(6)(B)(i)-(iii) (2018). Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute. For your information, we use multiple tracks to process requests, but within those tracks we work in an agile manner, and the time needed to complete our work on your request will necessarily depend on a variety of factors, including the complexity of our records search, the volume and complexity of any material located, and the order of receipt of your request. At this time we have assigned your request to the complex track.

(DOJ OIP Acknowledgment Letter, Attachment 5).

16. To date, Plaintiff has received no further correspondence or communication from DOJ OIP.

17. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the FOIA. 5 U.S.C. § 552(a)(6)(C)(i) (providing for constructive exhaustion when an agency fails to comply with applicable time limits).

<u>PLAINTIFF'S FOIA REQUEST TO FEDERAL BUREAU OF PRISONS</u>

18. On January 7, 2020, Plaintiff Wright, in her capacity as a paralegal at FDSET providing legal support to the Assistant Federal Community Defenders representing Terry Lynn King, submitted a request for records under the Freedom of Information Act, 5 U.S.C. § 552 to BOP's Online FOIA Request via email, OGC_EFOIA@BOP.GOV. (FDSET FOIA Request to BOP, Attachment 6).

19. BOP acknowledged receipt of Plaintiff's records request on January 8, 2020, and assigned it FOIA/PA Request Number 2020-01654. In BOP's correspondence acknowledging the request it stated:

> Due to the large number of FOIA/PA requests received by BOP and the limited resources available to process such requests, BOP handles each request on a first-in, first-out basis in relation to other requests in the same track. Your request was assigned to the complex track and placed in chronological order based on the date of receipt.
>
> We determined unusual circumstances exist as the documents responsive to your request must be searched for and collected from a field office, and/or the documents responsive to your request are expected to be voluminous and will require significant time to review, and/or your request requires consultation with at least one other agency with a substantial interest in your request. Because of these unusual circumstances, we are extending the time limit to respond to your request for the ten additional days provided by the statute.

(BOP Acknowledgment Letter, Attachment 7).

20. To date, Plaintiff has received no further correspondence or communication from BOP.

21. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the FOIA. 5 U.S.C. § 552(a)(6)(C)(i) (providing for constructive exhaustion when an agency fails to comply with applicable time limits).

## PLAINTIFF'S FOIA REQUEST TO THE DRUG ENFORCEMENT ADMINISTRATION

22. On January 7, 2020, Plaintiff Wright, in her capacity as a paralegal at FDSET providing legal support to the Assistant Federal Community Defenders representing Terry Lynn King, submitted a request for records under the Freedom of Information Act, 5 U.S.C. § 552 to DEA's FOI/PA Unit (SARF) via email, DEA.FOIA@usdoj.gov. (FDSET FOIA Request to DEA, Attachment 8).

23. To date, Plaintiff has received no correspondence or communication from DEA regarding the FOIA request submitted on January 7, 2020.

24. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the FOIA. 5 U.S.C. § 552(a)(6)(C)(i) (providing for constructive exhaustion when an agency fails to comply with applicable time limits).

<u>PLAINTIFF'S FOIA REQUEST TO THE U.S. MARSHAL'S SERVICE</u>

25. On January 7, 2020, Plaintiff Wright, in her capacity as a paralegal at FDSET providing legal support to the Assistant Federal Community Defenders representing Terry Lynn King, submitted a request for records under the Freedom of Information Act, 5 U.S.C. § 552 to USMS via the agency's FOIA E-Mail system, usms.foia@usdoj.gov. (FDSET FOIA Request to USMS, Attachment 9).

26. To date, Plaintiff has received no correspondence or communication from USMS regarding the FOIA request submitted on January 7, 2020.

27. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the FOIA. 5 U.S.C. § 552(a)(6)(C)(i) (providing for constructive exhaustion when an agency fails to comply with applicable time limits).

## CAUSES OF ACTION

### Count I

### DOJ OIP Violation of FOIA (5 U.S.C. § 552) for Wrongful Withholding of Agency Records

28. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

29. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

30. If an agency fails to comply with the applicable time limit for responding to a FOIA request, the requesting party "shall be deemed to have exhausted his administrative remedies[.]" 5 U.S.C. § 552(a)(6)(C)(i).

31. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

32. Defendant DOJ is an agency subject to the FOIA. 5 U.S.C. § 552(f) and 5 U.S.C. § 551.

33. Defendant DOJ has possession of the documents and records that Plaintiff seeks.

34. Plaintiff properly requested the records within Defendant DOJ's control. 5 U.S.C. § 552(a)(3). *See* Attachment 4.

35. Plaintiff is entitled by law to access to the records requested under the FOIA, unless Defendant DOJ makes an explicit and justified statutory exemption claim.

36. Defendant DOJ has failed to timely respond to Plaintiff's records request, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A).

37. Defendant DOJ has failed to make responsive records available to Plaintiff, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

38. Defendant DOJ is wrongfully withholding these records from Plaintiff and has no legal basis for their actions in withholding the right of access to the requested records.

39. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the FOIA. 5 U.S.C. § 552(a)(6)(C)(i) (providing for constructive exhaustion when an agency fails to comply with applicable time limits).

40. Therefore, Defendant DOJ has violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiff specifically requested. 5 U.S.C. § 552(a)(3).

## Count II

### BOP Violation of FOIA (5 U.S.C. § 552) for Wrongful Withholding of Agency Records

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

42. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

43. If an agency fails to comply with the applicable time limit for responding to a FOIA request, the requesting party "shall be deemed to have exhausted his administrative remedies[.]" 5 U.S.C. § 552(a)(6)(C)(i).

44. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

45. Defendant BOP is an agency subject to the FOIA. 5 U.S.C. § 552(f) and 5 U.S.C. § 551.

46. Defendant BOP has possession of the documents and records that Plaintiff seeks.

47. Plaintiff properly requested the records within Defendant BOP's control. 5 U.S.C. § 552(a)(3). *See* Attachment 6.

48. Plaintiff is entitled by law to access to the records requested under the FOIA, unless Defendant BOP makes an explicit and justified statutory exemption claim.

49. Defendant BOP has failed to timely respond to Plaintiff's records request, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A).

50. Defendant BOP has failed to make responsive records available to Plaintiff, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

51. Defendant BOP is wrongfully withholding these records from Plaintiff and has no legal basis for their actions in withholding the right of access to the requested records.

52. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the FOIA. 5 U.S.C. § 552(a)(6)(C)(i) (providing for constructive exhaustion when an agency fails to comply with applicable time limits).

53. Therefore, Defendant BOP has violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiff specifically requested. 5 U.S.C. § 552(a)(3).

## Count III

### DEA Violation of FOIA (5 U.S.C. § 552) for Wrongful Withholding of Agency Records

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

55. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

56. If an agency fails to comply with the applicable time limit for responding to a FOIA request, the requesting party "shall be deemed to have exhausted his administrative remedies[.]" 5 U.S.C. § 552(a)(6)(C)(i).

57. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

58. Defendant DEA is an agency subject to the FOIA. 5 U.S.C. § 552(f) and 5 U.S.C. § 551.

59. Defendant DEA has possession of the documents and records that Plaintiff seeks.

60. Plaintiff properly requested the records within Defendant DEA's control. 5 U.S.C. § 552(a)(3). *See* Attachment 8.

61. Plaintiff is entitled by law to access to the records requested under the FOIA, unless Defendant DEA makes an explicit and justified statutory exemption claim.

62. Defendant DEA has failed to timely respond to Plaintiff's records request, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A).

63. Defendant DEA has failed to make responsive records available to Plaintiff, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

64. Defendant DEA is wrongfully withholding these records from Plaintiff and has no legal basis for their actions in withholding the right of access to the requested records.

65. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the FOIA. 5 U.S.C. § 552(a)(6)(C)(i) (providing for constructive exhaustion when an agency fails to comply with applicable time limits).

66. Therefore, Defendant DEA has violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiff specifically requested. 5 U.S.C. § 552(a)(3).

## Count IV

### USMS Violation of FOIA (5 U.S.C. § 552) for Wrongful Withholding of Agency Records

67.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

68.     An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

69.     If an agency fails to comply with the applicable time limit for responding to a FOIA request, the requesting party "shall be deemed to have exhausted his administrative remedies[.]" 5 U.S.C. § 552(a)(6)(C)(i).

70.     This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

71.     Defendant USMS is an agency subject to the FOIA. 5 U.S.C. § 552(f) and 5 U.S.C. § 551.

72.     Defendant USMS has possession of the documents and records that Plaintiff seeks.

73.     Plaintiff properly requested the records within Defendant USMS's control. 5 U.S.C. § 552(a)(3). *See* Attachment 9.

74. Plaintiff is entitled by law to access to the records requested under the FOIA, unless Defendant USMS makes an explicit and justified statutory exemption claim.

75. Defendant USMS has failed to timely respond to Plaintiff's records request, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A).

76. Defendant USMS has failed to make responsive records available to Plaintiff, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

77. Defendant USMS is wrongfully withholding these records from Plaintiff and has no legal basis for their actions in withholding the right of access to the requested records.

78. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the FOIA. 5 U.S.C. § 552(a)(6)(C)(i) (providing for constructive exhaustion when an agency fails to comply with applicable time limits).

79. Therefore, Defendant USMS has violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiff specifically requested. 5 U.S.C. § 552(a)(3).

## REQUESTED RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

(a) Declare Defendants' failure to comply with FOIA to be unlawful;

(b) Order Defendant DOJ and its components BOP, DEA, and USMS to immediately and fully process Plaintiff's requests;

(c) Declare that Plaintiff is entitled to immediate processing and disclosure of the requested records;

(d) Order Defendants to conduct a search reasonably calculated to identify all records responsive to Plaintiff's records request;

(e) Order Defendants to immediately disclose, in their entirety, unredacted versions of all records responsive to the request that are not specifically exempt from disclosure under the FOIA, including any non-identical copies of any such records;

(f) Issue an injunction enjoining Defendants from withholding the records requested by Plaintiff;

(g) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld; and

(h) Provide such other relief as the Court may deem just and proper.

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY:  /s/Stephen M. Kissinger
Stephen M. Kissinger, TN Bar 037082
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Phone: (865) 637-7979
Facsimile: (865) 637-7999
Stephen_Kissinger@fd.org